INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, Plaintiff–Appellee,

v.

VARIG S.A., and Eduardo Zerwes as Foreign Representative of Varig S.A., Defendants–Appellants.

No. 07–3551–cv.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

Stanley J. Silverstone, for Seham, Seham, Meltz & Petersen, LLP, White Plains, N.Y. (Lee Seham, Lucas K. Middlebrook on the brief), for Defendants–Appellants.

Robert S. Clayman, for Guerrieri, Edmond, Clayman & Bartos, P.C., Washington, D.C.; Hanan B. Kolko, for Meyer, Suouzzi, English & Klein, P.C., New York, N.Y., for Plaintiff–Appellee.

PRESENT: Hon. WALKER, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff–Appellee International Association of Machinists and Aerospace Workers ("IAM"), an AFL–CIO labor union, represents 16 United States-based former employees of Defendant–Appellant Varig S.A. ("S.A."), a Brazilian airline. IAM claims S.A. has refused to pay severance benefits owed its former employees pursuant to a collective bargaining agreement ("CBA"). The United States District Court for the Southern District of New York (Scheindlin, *J.*), considered the dispute "major" under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 *et seq.,* and entered judgment for the former employees. This appeal followed. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

On June 17, 2005, S.A. filed for bankruptcy proceedings in Brazil and also filed a petition for ancillary relief in the United States Bankruptcy Court for the Southern District of New York pursuant to 11 U.S.C. § 304. In December 2006, the 16 IAM-represented employees learned that they would be permanently laid off and that, rather than immediately paying the severance benefits owed in accordance with the CBA, S.A. would instead treat its

former employees as creditors under the Restated Reorganization Plan ("the Plan") in the Brazilian bankruptcy proceedings. Pursuant to the Plan, the employees stood to receive payment over the course of ten years. IAM sued in the Southern District of New York, seeking an order compelling immediate payment of the severance funds owed pursuant to the CBA. Judgment was entered against S.A. in the amount of $267,884.10, the total severance, vacation, and sick day accruals due the 16 IAM-represented employees under the terms of the CBA.

■ We do not agree with S.A.'s assertion that the District Court lacked subject matter jurisdiction due to this case's alleged status as a "minor" dispute under the RLA. *See Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R. Co.*, 85 F.3d 35, 37 (2d Cir.1996) (noting that the RLA calls for mandatory arbitration of all "minor" disputes before the National Railroad Adjustment Board, and a federal court has no jurisdiction over such disputes). S.A. has not met its "relatively light" burden of showing that the dispute is minor under the RLA, because it has failed to convince us that its interpretation of the CBA is "neither obviously insubstantial or frivolous, nor made in bad faith." *Consol. Rail Corp. v. Ry. Labor Executives' Ass'n*, 491 U.S. 299, 307, 309–10, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989).

We agree with the District Court's determination that the instant dispute is major, because the applicable provisions of the CBA are unambiguous and require no contractual interpretation. *See Seaboard World Airlines, Inc. v. Transp. Workers Union of Am.*, 425 F.2d 1086, 1090 (2d Cir.1970) (when interpretation of agreement is not at issue, mandatory arbitration is not required under the RLA).

■ Nor do we think the District Court's failure to extend comity to the Brazilian bankruptcy proceedings was an abuse of discretion. *See Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 246 (2d Cir.1999). There is no language in the Plan that would prevent non-adhering post-petition creditors from pursuing claims against S.A. in foreign courts. Moreover, the § 304 permanent injunction issued at S.A.'s request in the ancillary bankruptcy proceedings in New York provides that post-petition creditors like the 16 IAM employees who chose not to adhere to the Plan may assert their rights in U.S. courts. Though the exercise of comity is often appropriate with respect to foreign bankruptcy proceedings, *see JP Morgan Chase Bank v. Altos Hornos de Mex., S.A. de C.V.*, 412 F.3d 418, 424 (2d Cir.2005); *Finanz*, 192 F.3d at 246, defendants have failed to carry their burden of demonstrating that the IAM-represented employees' claims are subject to the Brazilian bankruptcy proceeding or that comity is appropriate for some other reason. *See JP Morgan Chase*, 412 F.3d at 424 ("U.S. courts should ordinarily decline to adjudicate creditor claims that are the subject of a foreign bankruptcy proceeding."); *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997) (noting that comity is a "rule of practice, convenience, and expediency rather than of law"); *Allstate Life Ins. Co. v. Linter Group Ltd.*, 994 F.2d 996, 999 (2d Cir.1993) ("We also recognize that, since comity is an affirmative defense, the [defendant] carried the burden of proving that comity was appropriate."). Accordingly, the District Court properly retained jurisdiction over the IAM-represented employees' claims.

## CONCLUSION

For the foregoing reasons, the judgment is AFFIRMED.